```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MARK JACKSON,**

                **Plaintiff,**

        v.                        CASE NO.  08-3283-SAC

**(FNU) FARRIS, Deputy,**
**Sedgwick County**
**Detention Facility.**

                **Defendant.**

### O R D E R

This civil rights complaint was filed by an inmate of the Sedgwick County Detention Facility, Wichita, Kansas. The sole defendant is Deputy Farris at the detention facility. Plaintiff has also filed a motion for leave to proceed in forma pauperis, and a pleading with additional exhibits of administrative grievances attached, which the clerk properly filed as a Supplement to the Complaint (Doc. 3). Having considered all the materials filed by plaintiff, the court finds as follows.

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff states that he seeks no monetary relief, and instead asks the court to issue a temporary restraining order requiring that defendant Deputy Farris "stay away from" him. He alleges that he feels very threatened by "her action that's motivated by evil motive or intent or involved reckless or callous indifference" to his constitutional rights. He asserts Deputy Farris is doing or causing cruel and unusual punishment, and alleges he believes she is a "major player" in an apparent conspiracy "to pressure" him "to do

nothing" in time by law "to defend (his) innocence" and concerning the true facts regarding how he was "sent back or rolled from the trustee pod at work release." Plaintiff does not set forth facts in support of his conclusory claims in the complaint. However, the court has also considered the attachments to the complaint as part of the complaint. In attached inmate grievances, plaintiff claimed Deputy Farris had deprived him of being trustee at work release[1], and mentions a dispute between him and Deputy Farris "at work release." In an administrative response, plaintiff was told that he violated the rules by clocking out to the doctor's office, but coming to the jail to visit a woman.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has also filed a "Motion for Declaration to Proceed in forma pauperis (Doc. 2). 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has submitted an affidavit and a statement indicating his "previous balance" on October 22, 2008, was a negative amount. Based upon this limited information, the court finds that plaintiff's motion to proceed in forma pauperis should be granted.

---

[1] Plaintiff has no federal constitutional right to be a trustee or to participate in a work release program.

Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Under the authority in §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Jackson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FAILURE TO ALLEGE FACTS IN SUPPORT OF A CONSTITUTIONAL CLAIM**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the

3

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Pro se claims may be dismissed where allegations are vague and conclusory and not supported by underlying facts. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

　　　Plaintiff's allegations are vague and conclusory, and clearly insufficient to state a federal constitutional violation on the part of the named defendant. Mr. Jackson does not describe even one act by defendant Farris and how he was injured by that act. Nor does he provide the dates or location of unconstitutional acts by defendant Farris. He claims he feels threatened by defendant, but does not describe any threatening acts or any facts showing an intent on the part of defendant to cause physical injury to him. He also claims defendant is part of a conspiracy, but alleges no specific facts

tending to show agreement and concerted action among defendant Farris and others.  See Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983).

Plaintiff shall be given time to file a "Supplement to Complaint" containing additional facts sufficient to support his claims of federal constitutional violation.  If he fails to comply with this Order, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a "Supplement to Complaint" containing additional facts, or this action will be dismissed for failure to state sufficient facts in support of a federal constitutional claim.

The clerk shall transmit a copy of this Order to the financial officer at the institutional where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge